**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JACKIE D. RAKES, | No. 11-35074 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00821-BR |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 5, 2012[**]
Portland, Oregon

Before: ALARCÓN, McKEOWN, and NGUYEN, Circuit Judges.

Jackie D. Rakes appeals from the judgment of the district court affirming the

decision of the Commissioner of Social Security that Rakes was not entitled to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The Administrative Law Judge's (ALJ) decision to disregard lay witness statements and testimony offered in support of Rakes's claim was supported by substantial evidence and is therefore proper. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ rejected the written statements of three witnesses because they "appear to have been written by the same person" and were of little or no value because they are "very short, conclusive statements that do not clearly address or explain the conditions expressed." The ALJ determined that the hearing testimony of Rakes's housemate and former coworker was of "questionable evidentiary value" because the housemate had not directly observed Rakes at work, his testimony did not establish a level of impairment, and Rakes had demonstrated greater functioning by performing 80 hours of community service work in 2004.

The ALJ properly determined, based on substantial evidence germane to the witness, that the physician assistant's (PA) statement was of little evidentiary value. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ noted that the PA did not have clinical x-rays or other findings "in

response to [Rakes's] new anecdotal claim of low back pain" and found that the PA's request that the claimant be switched to "some sort of suitable employment" was of no value in assessing Rakes's exertional and nonexertional capacities. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (upholding ALJ's rejection of physician testimony that included no specific assessment of claimant's functional capacity).

The ALJ's residual functional capacity (RFC) determination was also supported by substantial evidence. The ALJ considered Rakes's medical records and found that the intensity and persistence of Rakes's claimed physical limitations were contradicted by evidence that Rakes rode a bicycle, had "not been thoroughly compliant in treatment," and "exaggerate[d] his symptomology." The ALJ credited Dr. Lawrence Lyons's determination that Rakes's "intellectual functioning, memory, abstraction, concentration, persistence, and pace" were average and noted that Dr. Lyons could not rule out malingering by Rakes. There was no evidence that Rakes has a learning disorder, save Rakes's own subjective claim, and no further examination was warranted. Rakes's educational history is a vocational factor and was properly excluded from the ALJ's RFC assessment. *See* 20 C.F.R. § 404.1520(g). Because Rakes does not identify any functional limitations arising from his other claimed impairments, we reject his argument that

3

the RFC improperly failed to account for them.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

Finally, the vocational expert's testimony is substantial evidence supporting the ALJ's finding that Rakes could perform other jobs existing in significant numbers in the national economy.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Rakes argues that the hypothetical posed to the vocational expert was incomplete for the same reasons he challenges the RFC, but this does not establish error.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (hypothetical was proper where it encompassed the functional restrictions that were supported by substantial evidence in the record).  Rakes also argues that the ALJ erred in failing to address letters he offered as evidence that certain government agencies do not document numbers of jobs by *Dictionary of Occupational Titles* code.  However, Rakes offered no evidence regarding the number of jobs available in the local and national economies, and the ALJ properly relied on the vocational expert's testimony as establishing the number of available jobs.

**AFFIRMED**